# United States District Court

Middle District of North Carolina
Post Office Box 2708
Greensboro, North Carolina 27402

John S. Brubaker, Clerk

December 6, 2005

TELEPHONE:
CIVIL (336) 332-6030
CRIMINAL (336) 332-6020
ADMIN (336) 332-6015

REDACTED

Mr. Peter T. Dalleo, Clerk
United States District Court
District of Delaware
4209 J. Caleb Boggs Federal Bldg.
844 North King Street
Wilmington, DE 19801-3519

CR05-102-JJF

Dear Mr. Dalleo:

Re: USA v. JAMES FRANK INGRAM; 1:04CR449-1

Enclosed are the following certified copies of documents in the above case for disposition in your district:

1. Indictment.
2. Consent to Transfer Jurisdiction (Rule 20)
3. Appearance Bond
4. Petition for Action on Conditions of Pretrial Release.
5. Factual Basis document.
6. Plea Agreement.
7. Order Setting Conditions for Release.
8. Docket Sheet

Please acknowledge receipt of these papers on the enclosed copy of this letter.

Sincerely,

John S. Brubaker, Clerk

By: *[signature]*
Deputy Clerk

kg
Enclosures

FILED
DEC 12 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE


CLOSED

## U.S. District Court
## North Carolina Middle District (Durham)
### CRIMINAL DOCKET FOR CASE #: 1:04-cr-00449-WLO-ALL

Case title: USA v. INGRAM                                    Date Filed: 11/29/2004

Assigned to: JUDGE WILLIAM L. OSTEEN

*CR05-102-JJF* (handwritten)

**Defendant**

**JAMES FRANK INGRAM (1)**             represented by   **FEDERAL PUBLIC DEFENDER**
*TERMINATED: 12/06/2005*                                 101 S. ELM ST., STE. 210
                                                         GREENSBORO, NC 27401
                                                         336-333-5455
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         Designation: Public Defender or Community
                                                         Defender Appointment

**Pending Counts**                                       **Disposition**

18:922(g)(1) & 924(a)(2) POSSESSION OF
FIREARM IN COMMERCE AFTER FELONY                         Transfer to District of Delaware
CONVICTION
(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None                                                     A True Copy
                                                         Teste:
**Highest Offense Level (Terminated)**                   John S. Brubaker, Clerk
None                                                     By: /s/ Kim [signature]
                                                         Deputy Clerk
**Complaints**                                           **Disposition**

None

FILED DEC 12 — U.S. DISTRICT COURT DISTRICT OF DELAWARE

**Plaintiff**

**UNITED STATES OF AMERICA**           represented by   **MICHAEL F. JOSEPH**
                                                         OFFICE OF U. S. ATTORNEY
                                                         POB 1858
                                                         GREENSBORO, NC 27402
                                                         336-333-5351
                                                         Email: mike.joseph@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/29/2004 | 1 | INDICTMENT as to JAMES FRANK INGRAM (1) count(s) 1 (K. Garrett) (Entered: 11/29/2004) |
| 11/29/2004 | 2 | ARREST WARRANT issued as to JAMES FRANK INGRAM (K. Garrett) (Entered: 11/29/2004) |
| 12/31/2004 | | ARREST of JAMES FRANK INGRAM (K. Garrett) (Entered: 01/06/2005) |
| 01/03/2005 | | Initial appearance as to JAMES FRANK INGRAM held before MAG/JUDGE WALLACE W. DIXON (Defendant informed of rights.) Proceedings recorded (K. Garrett) (Entered: 01/06/2005) |
| 01/04/2005 | 3 | ARREST WARRANT Returned Executed as to JAMES FRANK INGRAM on 1/3/05 (K. Garrett) (Entered: 01/06/2005) |
| 01/05/2005 | 4 | CJA 23 FINANCIAL AFFIDAVIT by JAMES FRANK INGRAM (K. Garrett) (Entered: 01/06/2005) |
| 01/05/2005 | 5 | ORDER Appointing for JAMES FRANK INGRAM FED PUBLIC DEFENDER (Signed by MAG/JUDGE WALLACE W. DIXON) (K. Garrett) (Entered: 01/06/2005) |
| 01/05/2005 | 6 | ORDER Setting Conditions of Release as to JAMES FRANK INGRAM (Signed by MAG/JUDGE WALLACE W. DIXON) Ccs. dist. (K. Garrett) (Entered: 01/06/2005) |
| 01/05/2005 | 7 | APPEARANCE BOND for JAMES FRANK INGRAM: in the Amount of $10,000 Unsecured (K. Garrett) (Entered: 01/06/2005) |
| 01/06/2005 | | Arraignment as to JAMES FRANK INGRAM held before JUDGE FRANK W. BULLOCK JR. in GSO; Snyder court reporter. Defendant entered plea of NOT GUILTY. William Ingram appeared for Thomas Cochran as attorney for the defendant. Defendant is not is custody. (D. Mccarty) (Entered: 01/06/2005) |
| 01/06/2005 | 8 | SCHEDULING ORDER dated 12/1/04 and dist. as to JAMES FRANK INGRAM setting Motion Filing Deadline on 1/12/05 Motion Response Deadline on 1/19/05 Omnibus Motion Hearing Deadline on 2/7/05 at 9:30 in GSO. Plea Agreement Deadline on 2/3/05 at 12:00 noon. Jury Trial on 2/14/05 at 9:30 in GSO. signed by Clerk (D. Mccarty) Modified on 01/06/2005 Modified on 12/6/2005 added document (Garrett, Kim). (Entered: 01/06/2005) |
| 02/02/2005 | 9 | Plea Agreement as to JAMES FRANK INGRAM (J. Lance) (Entered: 02/03/2005) |
| 02/02/2005 | 10 | Factual Basis Document as to JAMES FRANK INGRAM held on 2/2/2005 (Winchester, Robin) (Entered: 02/22/2005) |
| 02/17/2005 | | Case called Plea Agreement Hearing as to JAMES FRANK INGRAM held before JUDGE WILLIAM L. OSTEEN in Gso. Beck, Ct. Rptr. This matter has been rescheduled to 2/22/05 at 9:00 a.m. (R. Winchester) (Entered: 02/17/2005) |
| 02/22/2005 | | Minute Entry for proceedings held before Judge WILLIAM L. OSTEEN :Plea Agreement Hearing as to JAMES FRANK INGRAM held on 2/22/2005 (Court Reporter Beck.) (Winchester, Robin) (Entered: 02/22/2005) |
| 02/22/2005 | 11 | Minute Entry for proceedings held before Judge WILLIAM L. OSTEEN :CHANGE OF PLEA HEARING held on 2/22/2005. Defendant present on bond. Defendant placed under oath and advised of rights/charges/penalties; Court reviews the plea agreement; JAMES FRANK INGRAM (1) pleads GUILTY to Count 1. Court finds the Defendant is competent to enter a guilty plea and signs the Report and Recommendation; Court orders the preparation of a Presentence Report. Sentencing set for 6/17/2005 09:30 AM in Greensboro Courtroom #1 before JUDGE WILLIAM L. OSTEEN. (Court Reporter Beck.) (Winchester, Robin) (Entered: 02/22/2005) |
| 02/22/2005 | | Minute Entry for proceedings held before Judge WILLIAM L. OSTEEN :Factual Basis |

|  |  |  |
|---|---|---|
|  |  | Hearing as to JAMES FRANK INGRAM held on 2/22/2005 (Court Reporter Beck.) (Winchester, Robin) (Entered: 02/22/2005) |
| 02/22/2005 |  | Case as to JAMES FRANK INGRAM assigned to Judge WILLIAM L. OSTEEN. (Winchester, Robin) (Entered: 02/22/2005) |
| 05/09/2005 | 12 | USA POSITION PAPER RE SENTENCING FACTOR (SEALED) as to JAMES FRANK INGRAM (Garrett, Kim) (Entered: 05/09/2005) |
| 05/24/2005 | 13 | ORDER DIRECTING ISSUANCE OF ARREST WARRANT for Violations of Pretrial Release as to JAMES FRANK INGRAM signed by Judge WALLACE W. DIXON on 5/24/05. (Lance, Joy) (Entered: 05/25/2005) |
| 05/25/2005 | 14 | ARREST Warrant Issued in case as to JAMES FRANK INGRAM. (Lance, Joy) (Entered: 05/25/2005) |
| 06/17/2005 |  | Minute Entry for proceedings held before Judge WILLIAM L. OSTEEN :Case called for Sentencing as to JAMES FRANK INGRAM on 6/17/2005. Defendant failed to appear and was called out to appear. Warrant for Arrest was issued 5/25/05. (Court Reporter Beck.) (Winchester, Robin) (Entered: 06/17/2005) |
| 06/21/2005 | 15 | Arrest Warrant Returned Executed on 6/17/05 in case as to JAMES FRANK INGRAM. (Lance, Joy) (Entered: 06/21/2005) |
| 12/06/2005 | 16 | CONSENT TO TRANSFER OF CASE to District of Delaware as to JAMES FRANK INGRAM . (Garrett, Kim) (Entered: 12/06/2005) |
| 12/06/2005 | 17 | Transfer Letter Dated 12/06/05 re: transfer of case to District of Delaware as to JAMES FRANK INGRAM (Garrett, Kim) (Entered: 12/06/2005) |

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED NOV 29 2004
IN THIS OFFICE
Clerk, U. S. District Court
Greensboro, N. C.

UNITED STATES OF AMERICA      :
                              :
         v.                   :    1:04CR 449-1
                              :
JAMES FRANK INGRAM            :

CR05-102-JJF

The Grand Jury charges:

On or about March 23, 2004, in the County of Moore, in the Middle District of North Carolina, JAMES FRANK INGRAM, having been convicted on November 2, 2000, in the Superior Court of Moore County, Carthage, North Carolina, of a crime punishable by imprisonment for a term exceeding one year, that is, felony possession of cocaine, did knowingly possess in commerce and affecting commerce a firearm, that is, a Charco, Inc. .38 caliber revolver, model Off Duty .38 Special, serial number 1129981; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

A TRUE BILL:

_____
FOREPERSON

*Michael F. Joseph*
MICHAEL F. JOSEPH
ASSISTANT UNITED STATES ATTORNEY

*Anna Mills Wagoner*
ANNA MILLS WAGONER
UNITED STATES ATTORNEY

A True Copy
Teste:
John S. Brubaker, Clerk
By: _____
Deputy Clerk

FILED DEC 12
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Filed in open Court on 11/2/05

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



UNITED STATES OF AMERICA,

    Plaintiff

v.

JAMES FRANK INGRAM,

    Defendant.

CR05-102

Criminal Action No. 04-449-1

FILED DEC - 6 2005

## CONSENT TO TRANSFER OF CASE

I, James Frank Ingram, defendant, have been informed that an indictment is pending against me in the above designated cause. I wish to plead guilty to the count charged (felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)) and, on or about January 3, 2005, I entered a plea of guilty to the charge. I consent to disposition of the case, including sentencing, in the District of Delaware, in which I am being held, and waive my right to sentencing in the Middle District of North Carolina.

Dated: September 27, 2005, at 5:00



_____
(Defendant)

_____
(Witness)

_____
(Counsel for Defendant)

Approved

_____
United States Attorney for
the Middle District of North Carolina

Dated: 

_____, FAUSA
United States Attorney for
the District of Delaware

Dated: 9/29/05

CERTIFIED AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY _____
Deputy Clerk

FILED NOV 2 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

5

6 -

❧AO 199A   (Rev. 6/97) Order Setting Conditions of Release    Page 1 of __3__ Pages

# UNITED STATES DISTRICT COURT

__MIDDLE__ District of __NORTH CAROLINA__

United States of America

V.

James Frank Ingram

Defendant

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: 1:04CR 449-1

CR05-102-JJF

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) U.S. Courthouse,  324 W. Market Street
Greensboro, NC  Courtroom #3 on Thursday, 1/6/2005 9:30 am

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ✓ ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
Ten Thousand----------------------------------------------------------------------- dollars ($ 10,000.00 )
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

FILED
DEC 12 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

➡AO 199B    (Rev. 5/99) Additional Conditions of Release                                         Page  2  of  3

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.
IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
    (Name of person or organization) _____
    (Address) _____
    (City and state) _____  (Tel. No.) _____
who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

                                          Signed: _____   _____
                                                     Custodian or Proxy                  Date

(✔) (7) The defendant shall:
  (✔) (a) report to the  U.S. Probation Office  ,
           telephone number  (919) 541-0111  , not later than  1/10/2005  .
  ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
           _____
  ( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
           _____
  ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____ .
  (✔) (e) maintain or actively seek employment.
  ( ) (f) maintain or commence an education program.
  ( ) (g) surrender any passport to: _____
  ( ) (h) obtain no passport.
  (✔) (i) abide by the following restrictions on personal association, place of abode, or travel:
           Travel shall be restricted to the MD/NC unless given prior permission by the Court or the U.S. Probation Office
  ( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:
  ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows:
  ( ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
  ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
  (✔) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
  (✔) (o) refrain from  ( ) any  (✔) excessive use of alcohol.
  (✔) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
  (✔) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
  (✔) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
  ( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
  ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which  ( ) will or  ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
       ( ) (i) **Curfew.** You are restricted to your residence every day  ( ) from _____ to _____, or  ( ) as directed by the pretrial services office or supervising officer; or
       ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
       ( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
  (✔) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
  ( ) (v)

  ( ) (w)

  ( ) (x)

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

%AO 199C    (Rev.12/03) Advice of Penalties . . .                                      Page 3 of 3 Pages

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.
    The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.
    Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
    (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
    (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.
    A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_James Chipman_
Signature of Defendant

Address

Carthage, NC   28327
City and State                                   Telephone

### Directions to United States Marshal

( ✔ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

Date: _January 3, 2005_

_Wallace W. Dixon_
Signature of Judge

Wallace W. Dixon, United States Magistrate Judge
Name and Title of Judge

Teste:
DISTRIBUTION: COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

John S. Brubaker, Clerk

By: _Kim Lambert_
Deputy Clerk

Audgeue Copy

%AO 98    (Rev. 8/85) Appearance Bond

# UNITED STATES DISTRICT COURT

CR05-102-JJF

Middle District of North Carolina

UNITED STATES OF AMERICA
V.

JAMES FRANK INGRAM

Defendant

**APPEARANCE BOND**

FILED
JAN - 5 2005

Case 1:04CR449-1

Non-surety: I, the undersigned defendant acknowledge that I and my . . .

personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ 10,000. Unsecured

The conditions of this bond are that the    JAMES FRANK INGRAM
                                            (Name)

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed  January 3, 2005  a  Durham, NC
                     Date                  Place

A True Copy
Teste:

Defendant JAMES FRANK INGRAM    Address

Signature  James Ingram         Address    John S. Brubaker, Clerk

                                           By: /s/ Kim Monett
                                           Deputy Clerk

Signed and acknowledged before   January 3, 2005
                                 Date

FILED
DEC 12 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Wallace W. Dixon, United States Magistrate

13.

PS 8 - Modified M D N C 12-04



FILED
MAY 24 2005
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By _____

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**United States of America**

v.                    Docket No.   1:04CR449-1

James Frank Ingram

CR05-102

**Petition for Action on Conditions of Pretrial Release**

COMES NOW   Karyn S. Franks   ,UNITED STATES PROBATION OFFICER, presenting an official report upon the conduct of defendant James Frank Ingram   who was placed under pretrial release supervision by the Honorable   Wallace W. Dixon   sitting in the court at Durham   , on   3rd   day of   January   , 2005   . The probation officer believes the following conditions have been violated:

2) The defendant shall immediately advise the Court, defense counsel, and the U.S. Attorney's office in writing before any change in address and telephone number.

7p) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licenced medical practitioner.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

2) Numerous attempts to contact the defendant to have him report have been unsuccessful, including requesting his attorney to have him report. The defendant has failed to report in person or telephonically since March 7, 2005.  Contact with the defendant's girlfriend reveals that the defendant has moved to an unknown location.

7p) On February 22, 2005 a urine specimen was collected which was positive for marijuana.

FILED
DEC 12 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**PRAYING THAT THE COURT WILL ORDER:**

☐   Issuance of a Warrant and that the defendant be detained until a bond review hearing.

☒   Issuance of a Warrant and that the defendant's bond be revoked and that he be detained, but without prejudice to defendant's counsel requesting reconsideration.

☐ Issuance of a Summons and that the defendant appear on _____,
at _____, in _____, North Carolina, for a
bond review hearing to determine if the defendant's release should be revoked.

☐ Other _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *May 23rd, 2005*

_____
United States Probation Office

Approved by: _____
Supervising U.S. Probation Officer

## ORDER OF COURT

☐ Issuance of a Warrant and that the defendant be detained until a bond review hearing

☑ Issuance of a Warrant and that the defendant's bond be revoked and that he be detained, but without prejudice to defendant's counsel requesting reconsideration.

☐ Issuance of a Summons and that the defendant appear on _____,
at _____, in _____, North Carolina, for a
bond review hearing to determine if the defendant's release should be revoked.

☐ Other _____

Considered and ordered this 23 day of May, 2005, and ordered filed and made a part of the record in the above case.

_____
United States Magistrate Judge

A True Copy
Teste:
John S. Brubaker, Clerk
By: _____
Deputy Clerk

**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF NORTH CAROLINA

251 N Main St. Suite #447
Winston-Salem, NC 27101
Phone: (336) 631-5371, ext 226
Fax: (336) 631-5377



# MEMORANDUM

May 23, 2005

TO: Michael Joseph,
Assistant U.S. Attorney

FROM: Karyn S. Franks,
U.S. Probation Officer

RE: James Frank Ingram
Dkt # 1:04CR449-1

MESSAGE:

Please be informed that a Petition For Court Action On Conditions Of Pretrial Release has been submitted to the court on the above mentioned case. The Probation Officer has recommended the following:

___ Issuance of a Warrant and that the defendant be detained until a bond review hearing.

_X_ Issuance of a Warrant and that the defendant's bond be revoked and that he be detained, but without prejudice to defendant's counsel requesting reconsideration.

___ Issuance of a Summons and that the defendant appear for a bond review hearing to determine if the defendant's release should be revoked.

___ Other _____

_____

Should you have any concerns, please contact me at ___919-541-0111_____.

cc: District Judge, William L. Osteen
    Defense Counsel, Thomas Cochran
    Presentence Officer, Dale Parrish

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA     :
                             :
V.                           :    1:04CR449-1
                             :
JAMES FRANK INGRAM           :

### STIPULATION OF FACTUAL BASIS FOR GUILTY PLEA

NOW COMES the Defendant, Bobby Gene Luther, Jr., and the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, to present the Factual Basis for Guilty Plea pursuant to Fed.R.Crim.P. 11(f). The parties stipulate and agree that the evidence in this case would prove the following facts beyond a reasonable doubt.

On Tuesday, March 23, 2004, at 3:15 p.m., officers of the Moore County Sheriff's Department were conducting a drivers' license checkpoint in Moore County on Bellview Road, Robbins, N.C. Officers Bill Mackay, James Threadgill, Jerry Garner, and Cathy Williams participated. A 2001 Ford Escape driven by Jennifer O. Yow, age 19, stopped at the checkpoint. The other occupant of the car was James Frank Ingram, who was in the front passenger seat.

When Officer Mackay approached the driver's side of the car to ask for a license, Mackay officer smelled an odor of marijuana coming from inside the car. Mackay told Yow about the marijuana odor. Yow responded that there was no marijuana in the car. Mackay asked and obtained consent from Yow to search the car.

FILED
DEC 12 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Williams asked Yow and Ingram to get out of the car, and both complied.

Mackay told Ingram that he was going to pat him for weapons to insure officer safety. Mackay said that Ingram pulled away and started running toward some nearby woods. Mackay hollered and told Ingram to stop immediately. Ingram kept on running and was pursued by Mackay on foot. Mackay saw Ingram reaching toward his front part of his pants. As Mackay caught and tackled Ingram, Ingram was bringing his hands together toward his chest and mouth, which caused Mackay to think that Ingram was going to swallow something. Mackay pulled Ingram's hand away as Ingram dropped a gun in a small holster. Ingram was subdued and the gun was secured.

The gun was a Charco, Inc., model Off Duty, .38 special, .38 caliber revolver, serial number 1129981. On April 7, 2004, ATF Special Agent Ryan Szwejbka test fired the weapon and found that it functioned as desired and was a firearm within the meaning of 18 U.S.C. § 921(a)(3). On the same day ATF Special Agent Donald Baucom determined that the firearm was manufactured outside the State of North Carolina and thus travelled in interstate or foreign commerce in order to be found in North Carolina.

James Frank Ingram was convicted on November 2, 2000, of felony possession of cocaine in Moore County, North Carolina. This is a crime punishable by a term of imprisonment exceeding one year within the meaning of 18 U.S.C.§ 921(a)(20). This conviction has

-3-

not been expunged, or set aside.  Neither had the Defendant been pardoned nor had his civil rights restored.

Respectfully submitted, this the 1st day of February 2004.


_____
JAMES FRANK INGRAM

_____
THOMAS N. COCHRAN
Attorney for James Frank Ingram

_____
Michael F. Joseph
Assistant U.S. Attorney

A True Copy
Teste:
John S. Snitcker, Clerk
By:
_____
Deputy Clerk

-3-

9.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:04CR449-1 |
| v. | : | |
| JAMES FRANK INGRAM | : | PLEA AGREEMENT |

FILED
DEC 12 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

CR05-102-JJF

NOW COME the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, JAMES FRANK INGRAM, in his own person and through his attorney, Thomas N. Cochran, and state as follows:

1. The defendant, JAMES FRANK INGRAM, is presently under Indictment in case number 1:04CR449-1, which charges him with a violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2), felon in possession of a firearm.

2. The defendant, JAMES FRANK INGRAM, will enter a voluntary plea of guilty to the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

   a. The defendant, JAMES FRANK INGRAM, understands that the maximum term of imprisonment provided by law for the Indictment herein is not more than ten years, and the maximum fine for the Indictment is $250,000, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled

"Sentence of Fine." The defendant, JAMES FRANK INGRAM, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    3. By voluntarily pleading guilty to the Indictment herein, the defendant, JAMES FRANK INGRAM, as to the Indictment herein, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

    4. The defendant, JAMES FRANK INGRAM, is going to plead guilty to the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

    5. The extent of the plea bargaining in this case is as follows:

    a. It is understood that if the defendant, JAMES FRANK INGRAM, clearly demonstrates recognition and affirmative acceptance of personal responsibility for his criminal conduct in a timely and sincere manner, the United States will recommend a reduction of the offense level by two levels, pursuant to Section 3E1.1(a) of the Sentencing Guidelines. It is further understood that the Court is

not bound by this recommendation.

       b. It is further understood that if the Court determines at the time of sentencing that the defendant, JAMES FRANK INGRAM, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

       6. It is further understood that the United States and the defendant, JAMES FRANK INGRAM, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

       7. The defendant, JAMES FRANK INGRAM, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996 the defendant shall pay an assessment to the Court of $100, for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 31st day of January, 2005.

ANNA MILLS WAGONER
United States Attorney

THOMAS N. COCHRAN
Attorney for Defendant

MICHAEL F. JOSEPH
NCSB #6698
Assistant United States Attorney

P. O. Box 1858
Greensboro, NC  27402

336/333-5351

JAMES FRANK INGRAM
Defendant

A True Copy
Teste:
John S. Brubaker, Clerk
By:
Deputy Clerk